Ray Gibbs, Appellant, v. Equitable Life Assurance Society of the United States, Respondent.

First Department, December 26, 1930.

*William A. Hyman,* for the appellant.

*Peter C. Mann* of counsel [*Alexander & Green,* attorneys], for the respondent.

McAvoy, J.   The action is brought upon an insurance policy issued by the defendant upon the life of plaintiff's son, under the terms of which the defendant agreed to pay $2,500 to the plaintiff, the beneficiary named in the policy, upon proof of the assured's death, and $5,000 upon proof that the death resulted solely from bodily injuries caused by external, violent and purely accidental means, " provided that death * * * shall not be the result of or be caused directly or indirectly by self-destruction, sane or insane, disease or illness of any kind, physical or mental infirmity, any violation of law by the insured, military or naval service of any kind in time of war, *or by engaging as a passenger or otherwise in submarine or aeronautic expeditions.*"

The insured was a passenger in an aeroplane of the Coastal Airways, Inc., which was authorized to and did maintain a regular passenger service between Albany and New York city. His death occurred while so traveling from Albany to New York city when the aeroplane crashed causing injuries to the insured from which he died two days later.

Defendant admits liability for the face amount of the policy and has offered judgment therefor. It denies liability for the additional $2,500 payable in the event of death from accidental means because of the aeronautical expedition exclusion clause.

Plaintiff contends that a trip from Albany to New York city in a passenger aeroplane is not an " aeronautic expedition." The very context in which the word " expedition " appears in the policy indicates that it was intended to apply only to voyages or journeys, either of a military character or else having exploration, discovery or something similar as their objective. Of course, the term " expedition " in a wide sense may be used to include any journey or voyage. That significance, however, is not its common connotation. In its usually accepted meaning it carried a notion of exploratory or warlike enterprise. Thus we speak of an expeditionary force in military affairs; an expedition to the

Arctic or Antarctic regions, or to little visited Asiatic or African territories. The policyreader would not, in deciding what was prohibited by the exemption clause as to liability, conclude that a customary and usual trip or excursion in regular course of transportation by aeroplane would be considered an " aeronautic expedition."

Defendant could readily have placed in its policy language definitely excluding all aeronautic flights and not merely " expeditions."

We think defendant stretches the word too far beyond what it had right to assume its definition would be thought to include.

The wording of the policy is unambiguous and does not exclude recovery for death caused by an accident to an aeroplane engaged in regular transit in which the insured was riding as a passenger. The word " expedition," as used here, is not synonymous with " journey " or " trip," and it should be limited to " warlike enterprises " or " explorations " or terms having similar import. The maxim " Noscitur a sociis " would rule.

The order should be reversed, with ten dollars costs and disbursements, and motion for summary judgment should be granted, with ten dollars costs.

DOWLING, P. J., FINCH and SHERMAN, JJ., concur; MERRELL, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.